**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO.: 07-12 (RMC)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **QUEEN NWOYE,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |
| | **:** | |

**GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to issue a protective order, pursuant to Rule 16(d)(1), Federal Rules of Criminal Procedure, regarding several consensually recorded audio taped conversations between the defendant and the victim of the offense. In support of its motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at the hearing regarding this evidence.

1. The defendant is charged with Conspiracy to Commit Extortion, in violation of 18 U.S.C. § 371. The charge arises out of a scheme implemented by the defendant and an uncharged co-conspirator to extort money from the victim, a local physician, in order to prevent the defendant and co-conspirator from revealing the fact that the victim had engaged in an extra-marital affair with the defendant.

2. The government has provided, and is continuing to provide discovery materials related to this prosecution. Part of the discovery materials the government intends to disclose consists of three audiotapes of conversations between the victim and the defendant. The conversations were

recorded at the FBI's direction, with the victim's consent, but without the defendant's knowledge. Given the nature of the conversations, disclosure of the conversations to the general public and persons otherwise not directly involved in Ms. Nwoye's defense would be embarrassing to both the victim and the defendant.  Moreover, disclosure of the conversations before trial could needlessly expose potential jurors to potential trial evidence.

3.  This case already has received media attention.  Shortly after the arrest warrant for the defendant was executed, an internet website called "The Smoking Gun" posted the contents of the arrest warrant affidavit and a photo of the victim on its website, literally making that information available around the world.  The government hopes to prevent additional media attention that could result if the contents of the taped recorded conversations were released to individuals who are not directly involved in Ms. Nwoye's defense.

4.  Accordingly, the government seeks a protective order that would prohibit the defendant, defense counsel, their investigators, and other agents, from revealing to any other persons not under the defendant's and defense counsel's direction and control, the contents of the audiotapes that will be disclosed.  A proposed Order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: _____

Frederick Yette, DC Bar # 385391
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-1666
Frederick.Yette@usdoj.gov

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 07-12 (RMC)** |
| | : | |
| **v.** | : | |
| | : | |
| **QUEEN NWOYE,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

**<u>ORDER</u>**

Upon consideration of the Government's Motion for a Protective Order, and for good cause shown, it is this _____ day of May, 2007,

ORDERED, that the motion for a protective order is hereby granted; and it is

FURTHER ORDERED, that the defendant and defense counsel, as well as their investigators and other agents, shall not reveal to any individual who is not assisting in the defense of the defendant and under the defendant's and defense counsel's direction and control, the contents of any audiotaped conversations between the defendant and victim that have been or will be disclosed to the defense by the government in connection with this case; and it is

FURTHER ORDERED, that any third party who is given access to the audiotapes by the defendant or defense counsel shall not make any additional disclosure of the audiotapes unless that disclosure is under the direction and control of the defendant and defense counsel.

_____
ROSEMARY M. COLLYER
United States District Judge