LAW OFFICES
# STANLEY E. BARITZ
SUITE 910
ONE CHURCH STREET
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 340-3003  
FACSIMILE: (301) 340-1060

ADMITTED IN MARYLAND AND
THE DISTRICT OF COLUMBIA

**BY MAIL AND ECF**

May 15, 2007

Fred Yette, Esq.
Assistant United States Attorney
United States Attorney
555 4th Street, N.W.
Washington, D.C. 20001

Re: *United States v. Queen Nwoye*- Case No. 07-012

Dear Mr. Yette,

As the attorney for defendant, I write this letter pursuant to Rule 7 and Rule 16 of the Federal Rules of Criminal Procedure in lieu of a formal motion which might unnecessarily burden the Court. In the event of a disagreement between us as to whether the defendant is entitled to a particular item, we can ask the Court to resolve the conflict.

A. *Definitions*

Discovery and inspection of the items described below is both reasonable and necessary to the preparation of the defense. Our request for discovery and inspection relates to items in the possession, custody, or control of the United States Attorney as well as all federal, state and city agencies or governmental and/or administrative entities over which it has sufficient control or liaison to obtain access to materials possessed by such agency or entity. With respect to the requested items; if the United States Attorney does not have them in its possession, we ask for a statement to the effect that such items do not exist or are not in the United States Attorney's possession. If the United States Attorney is aware that a requested item exists but does not have it in its possession, then we request that the United States Attorney disclose the whereabouts of the item. As used herein, the tem "document" means any tangible thing containing, reflecting or capable of reproducing or have reproduced from it, visually or orally, language, numerals or pictures, and relating or referring in any manner to the allegations of the indictment and the matters referred to therein. It is requested that the United States Attorney disclose the following:

B. *Rule 16 and Other Pretrial Materials*

1. The government is requested to permit the defendant and counsel to inspect and copy or photograph any relevant, written or recorded statements made by the defendant, agent or co-conspirator, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government. In this regard, counsel for the government is specifically requested to inquire of all law enforcement personnel whom he knows to have been connected with this case as well as any and all potential government witnesses or other people who have supplied information to the government whether they are aware of any written or recorded statements of the defendant, and if so, to make such available, forthwith, for inspection by the defendant and counsel.

2. The defendant requests that the government produce the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant, agent or co-conspirators. The government is requested to conduct a conscientious effort to determine whether any individuals acting on behalf of the government are aware of any other oral statements purportedly made by the defendant or any agent or alleged co-conspirator.

3. The defendant requests permission to inspect and copy or photograph any and all books, news articles, papers, documents, photographs, tangible objects, buildings or places or copes of portions thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known (this includes documents in the possession of a cooperating witness) to the government and which are material to the preparation of his defense or which are intended for use by the government as evidence-in-chief at the trial or were obtained from or belong to the defendant. Defense counsel seeks the right to inspect those items discoverable under Rule 16.

4. The defendant further requests that the government permit him to inspect and copy pr photograph any results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are within the possession , custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government and which are material to the preparation of the defense or are intended for use by the government as evidence-in-chief at the trial. Your attention is respectfully directed to the fact that this provision is not triggered only with regard to such reports, etc., which the government intends to offer during its case-in–chief. Self-evidently, reports, etc., which are "material to the preparation of the defense" are also discoverable. In the event that the government is in fact in possession of reports, etc., which it does not intend to offer (or subsequently comes into possession of such reports), the government is respectfully asked to seek a ruling of the Court, *ex parte* if necessary, to assist in determining whether such reports are discoverable as "material to the preparation of the defense" of this case.

5. The defendant requests an opportunity to inspect and copy any and all records, statements, notes of interviews, tape-recordings, alleged admissions or confessions, signed or unsigned, oral or written, which are attributed to or were taken from the defendant, all co-defendants or alleged co-conspirators which are within the possession, custody or control of the government, the existence of which is known, or through the exercise of due diligence may become known to counsel for the government.

6. The defendant requests a designation by the government of those persons it intends to call as witnesses at the trial of this indictment and the addresses of such parties. The government is specifically requested to disclose the name and address of any witness which it intends to call and which the government will seek elicit "expert" testimony from, within the meaning of the Federal Rules of Evidence. Moreover, the government is requested to disclose any reports, studies or other data which such expert will rely upon in giving his/her testimony.

7. With respect to each witness the government intends to call at trial, or any member of the immediate family of any such witness, set forth a written summary of all charges or tax proceedings which could be brought by the government (as defined) or any other law enforcement or self-regulatory agency, but which have not or may not or which the witness believes have not or may not be brought because the witness is cooperating with or has cooperated with the government, or for any other reason. Include copies of all memoranda of understandings between the government and its witnesses, whether by way of a letter of the attorney for a witness or otherwise.

8. The defendant requests that the government produce a list of any exhibits it intends to use at trial which are now known to the government and that additions, if any, to said list be provided.

9. The government is requested to produce all documents and other evidence regarding drug and alcohol usage, abuse, and/or dependency by any individual the government intends to use as a witness at trial including, but not limited to, records relating to treatment of such individual in any federal, state, city, military or private drug or detoxification program.

10. The government is requested to produce all documents and other evidence regarding any physical or mental disease, disability, or disorder affecting any individual the government intends to use as a witness at trial, including, but not limited to, records of hospitalization or other treatments for such physical or mental disease, disability, or disorder.

11. The government is requested to produce all documents and other evidence regarding any polygraph examination(s) given to any individual the government intends to use as a witness at trial.

C. *Brady Material*

12. The government is requested to disclose the names and addresses of any person whom the government knows to have relevant information regarding the facts of this case. In addition, all relevant *Brady, Giglio, Agurs*, and *Bagley* material is requested, including copies of all documents, statements, and any other evidence including, but not limited to , a written summary of all oral evidence and statements, now known to the government or which may become know or which through due diligence may be learned from the investigating agents or witnesses in this case or persons interviewed in connection with this investigation, which is exculpatory in nature or favorable to the defendants or which tends to negate or mitigate the guilt of the defendant, as to the offenses charged, or which would tend to reduce the punishment thereof. In this regard, disclose any and all records and/or information which might be helpful or useful to the defense in impeaching said person. This includes, but is not limited to, any and all records and/or information revealing prior misconduct attributable to the person. Include the names, addresses, and telephone numbers of

all persons who know or may know of any such favorable or exculpatory material or who may lead to persons or material which may be favorable or exculpatory.

13. With respect to each person the prosecution intends to call at trial, or any member of the immediate family of any such person, attach copies of all indictments, complaints, arrests, hearings or information brought against such person by the federal, or any state or local government, and state what counts or actions have been the subject of guilty pleas, convictions, dismissals, or understandings to dismiss at a future date; the date or dates on which pleas of guilty, if any, took place; and the names of the judges or hearing officers before whom such pleas were taken. If the prosecution does not have copies of all indictments, complaints, informants, arrests, hearings, or disciplinary actions, state the dates and places of such arrests, hearings, indictments, and information, or disciplinary action, the charge brought, and the disposition of those charges so far as it is known. With respect to each person the prosecution intends to call at trial, or any member of the immediate family of any such person, set forth a written summary of all charges which could be brought by the federal, or any state or local government, which have not or may not be brought because the witness is cooperating with or have cooperated with the federal, state, or city governments, or for any other similar or related reason.

14. Include copies of all memoranda of understandings between the government and its witnesses, whether by way of a letter to the attorney for a witness or otherwise. Enumerate all inducements, promises, payments, and witness fees by amount and date made to, and all agreements made with, all persons the prosecution intends to call as witnesses at the trial. Include all information which may bear on the credibility of any witness and all information bearing on his relationship to any federal, state, or city agency or agent, and any information bearing on his relationship to any federal, state or city agency or agent, and any informant services or other services or acts performed by him with the knowledge, acquiescence, or at the instance of the government. This request embraces any inducements or promises or benefits conferred on any other person at the behest of any individual who the prosecution intends to call as a witness at the trial, such as spouses or other family members of the potential witness.

15. Provide all documents and other evidence regarding drug or alcohol usage and/or dependency by any individuals the prosecution intends to use as a witness at trial including but not limited to records relating to treatment of such individuals in any federal, state, city or military drug or detoxification program. All documents and other evidence regarding any physical or mental disease, disability, or disorder affecting any individual the prosecution intends to use as a witness at trial, including but not limited to records of hospitalization or other treatments for such physical or mental diseases, disability, or disorder.

16. Provide all information which may demonstrate an inconsistency or arguable inconsistency with another statement made by another person or that person; and all information which may demonstrate a lack of knowledge or denial of knowledge by a witness about the facts of this case or the guilt or innocence of the defendant. The law is well settled that it is not for the prosecutor to decide what material is exculpatory or what material fall within the purview of *Brady*. Accordingly, we ask that any information which may arguably fall within the aforementioned categories be disclosed to counsel for the defendant.

17. The defendant requests the opportunity to inspect and copy any and all documents, memoranda, agreements, contracts, etc., which relate to promises of leniency, or agreements of immunity, either *de facto* or statutory immunity (*inter alia,* 18 U.S.C. §§ 6001, *et seq.*), which concern any person or business entity which are, in any way, connected to this case and which are within the possession, custody or control of the government, the existence of which is known, or through the exercise of due diligence, may become known to counsel for the government.

18. The defendant requests the opportunity to inspect and copy any and all documents, agreements, memoranda, contracts, etc., which reflect the payment of money or the receipt of other things of value by any individual or entity who provided assistance or information to any state or federal law enforcement or prosecutorial agency or any administrative agency in connection with this case. Such documents are sought whether or not such payments, etc., were made as the result of the assistance or information specifically provided in this case or another.

19. The defendant requests that the government disclose the substance of any oral promises, inducements, agreements, etc., whether contingent or not, which have been made by any state of federal law enforcement representative, attorney or other person acting as agent of or on behalf of state or federal government, to any person or entity who is either to be a witness in this case or is otherwise connected to this case. Counsel for the government is specifically requested to inquire of those law enforcement representatives connected to this case, including but not limited to, members of the Drug Enforcement Administration, the Federal Bureau of Investigation, and the Metropolitan Police Department, whether any such oral (or written) promises, inducements, agreements, etc., have been made to any person in connection with this case.

20. The defendant requests that the government disclose any and all actions, promises or efforts—formal or informal—on the part of the government, its agents and representatives to aid, assist or obtain benefits of any kind for any person whom the prosecution considers a potential witness at trial, or a member of the immediate family of such witness, or for the corporation, partnership, unincorporated association or business employing such potential witness or in which the witness is an employee, director, shareholder, trustee, partner member, agent or servant. This request includes, but is not limited to (a) letters to anyone informing the recipient of the witness; cooperation; (b) recommendations concerning federal or state aid or benefits or tax matters; (c) recommendations concerning licensing, certification or registration; (d) promises to take affirmative action to help the status of a witness in a profession, business or employment or promises not to jeopardize such status; (e) aid or effort in securing or efforts concerning a new identity for the witness and his family, together with all other actions incidental thereto; (g) direct payments of money or subsidies to the witness or his or her family ; or (h any other activities, efforts or promises similar in kind or related to the items listed in (a through (g) above.

21. The defendant requests the opportunity to inspect and copy any and all agreements, contracts, memoranda or other documents which reflect agreements between any officer or agency of any state or federal government to provide assistance, protection or relocation to any individual or member of such individuals family, who provided assistance to any state or federal enforcement or prosecutorial agency, or administrative agency in conjunction with this case. There documents are sought whether or not such agreements were made as the result of assistance or information specifically provided in this case or another.

D. *Search, Seizure and Related Material*

22. The defendant requests the opportunity to inspect and copy any and all records, schedules, bills or other documents which relate to this case including those which reflect telephone calls or toll call records or telephone charges over any instrument in which the defendant maintained a possessory interest or over which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for government.

23. The government is requested to disclose any and all applications (and attendant documents and/ or exhibits), affidavits, testimony, inventories and/or orders seeking, granting or denying judicial permission to conduct a physical search of any person or premises which relate to this case an which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become know to counsel for the government.

24. The government is requested to disclose any and all application (and attendant documents and/or exhibits), affidavits, testimony, inventories and/or orders seeking, granting or denying judicial permission to conduct a physical search of any person or place, with or without prior judicial authorization, and which are germane to this case and are within the possession, custody or control of the government, the existence of this is known or through the exercise of the diligence may become known to counsel for the government. With respect to any documents seized from the person or property of the defendant, or their agents, or co-conspirators, we request that the government make copes of said documents and provide them to us forthwith. Naturally, the defendant will reimburse the government for reasonable copying costs.

25. The government is requested to disclose whether any pre-trial identification procedure was used in this case, including but not limited to photographic displays, lineups, showups, etc. If so, state the nature and circumstances of such identification procedure as well as the time, date, and place of the identification. State whether any witness was unable to identify the defendant, made a mistaken identification, or were uncertain in making an identification.

26. The government is requested to disclose any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any "mail cover" operations or the examination of the mail of any of the individuals involved in this case, and particularly the defendant.

27. The government is requested to disclose any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any "pen register' operation or to the affixing of any instruments to record the telephone number of any incoming or outgoing telephone calls which were utilized in the investigation of this case and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

28. The government is requested to disclose any and all photographs (still photography), video recordings or motion pictures which were made in conjunction with this case, or which relate in any manner to this case, which are within the possession, custody or control of the government, the

existence of which is known or through the exercise of due diligence may become known to counsel for the government.

29. The government is requested to disclose any and all applications, affidavits, orders or other documents which relate to any telescopically enhanced surveillance which was conducted in conjunction with the investigation underlying this case or which relate in any manner to this government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government. If telescopically enhanced surveillance was accomplished without court order, please indicate this, including relevant dates, times, places, etc.

30. The government is requested to disclose any and all surveillance reports or memoranda with respect to the investigation underlying this case or which relate in any manner to this case, which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

31. The government is requested to disclose any and all court-authorized or non-court authorized observations by law enforcement officers of the defendants that were made from: a) airplanes, helicopters or other airborne devices; b) property owned, leased or in which the defendants had a possessory, leasehold or ownership interest.

E. *Wiretapping, Eavesdropping and Consensual Recordings and Related Materials*

32. Discovery is sought as to all documents, applications, affidavits, supplemental affidavits, exhibits, transcripts, testimony, memoranda, warrants, orders, etc., which relate to this case and which pertain to the use of mechanical or electronic interception devices which were made, written or issued by any representative of federal, state or city governments and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

33. Discovery is also sought as to any and all statements of the defendant, agents, co-conspirators, or other individuals, whether oral, recorded or written which were seized by electronic or mechanical means and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

34. Discovery is sought as to any and all mechanical or electronic recordings and/or tapes that contain any of the defendant's agents' or alleged co-conspirators conversations or which emanated from any premises or over any instrument in which the defendant possessed a proprietary interest or which were made in connection with a court intercepted or was a person who was in fact intercepted.

35. Discovery is sought as to any and all memoranda, logs, line sheets, reports, notes, summaries, transcripts, periodic reports to the court or other written communication which were made by any public servant, or their duly authorized representatives, which are germane to this case and related in any way to wiretapping or eavesdropping conducted by agents of federal, state or city governments.

36. Discovery is sought as to a schedule of each type of mechanical or electronic eavesdropping device or other device capable of intercepting oral communications or of intercepting communications over radio, telephone or radio-telephone equipment and which were used in conjunction with, or relate to, this case.

37. The defendant's request above for disclosure of documents relating to state and federal eavesdropping or wiretapping activity specifically seeks the discloser of, but is not limited to, the following documents or information:

    a. any and all requests, applications and/or orders seeking or requiring the sealing of tapes or other recordings;

    b. any and all requests, applications (whether granted or not) and/or orders seeking or granting any initial interception order or renewal or extension of a previously existing order;

    c. copies of any and all progress reports, or orders to make such reports;

    d. any and all requests, applications and/or orders amending a wiretap order or warrant to include the seizure of conversations dealing with offenses other than those specified in the original order of authorization;

    e. a schedule of any and all logs or other documents maintained during or in conjunction with the interception of wire or oral communications by law enforcement personnel;

    f. any and all documents which relate to the use of "pen registers," "trap" or "trace" devices by law enforcement personnel in conjunction with this case;

    g. copies of any and all inventories prepared in conjunction with wire-tapping or eavesdropping activity which relate to this case;

    h. copies of any and all transcripts prepared from tapes made in conjunction with or subsequent to wiretapping or eavesdropping    activity which relate to the present case;

    i. copies of any and all reports required pursuant to 18 U.S.C. § 2519 or state counterparts;

    j. copies of any and all orders served in conjunction with the requirement to provide notice of overhear and any and all documents relevant to extensions or renewals thereof;

    k. any and all orders permitting the interception of radio communications and all tapes or recordings produced in accordance therewith;

    l. any and all transcripts, tapes or recordings in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government, which were made by a person who had given prior consent to such interception whether or not such person was a law enforcement officer or government employee;

m. any and all documents which reflect the consent of a person to have his or her wire or oral communication intercepted which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to the government;

n. any and all applications, requests or correspondence seeking the permission of the Attorney General of the United States or any other federal or state law enforcement officer, to consensually record wire or oral communications, which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

o. any and all subscriber or customer records of the defendant obtained pursuant to section 2703 of the Electronic Communications Privacy Act of 1986, and any documents which authorized the government to obtain such information.

F. *Miscellaneous Materials*

38. If not already provided to defense counsel, a copy of the prior criminal record, if any, of the defendant and alleged co-conspirators and a statement of the use, if any, the prosecution intends to make of such records at trial.

39. The following items of discovery, concerning the administration and procedures utilized in conducting the underlying grand jury investigation, are sought:

a. The government is requested to disclose the day upon which the grand jury that returned the instant indictment was empanelled, the duration of its term and any extensions thereof.

b. If any grand jury extensions were obtained, the government is requested to produce the affidavit and order in support of such extensions.

c. The government is requested to disclose whether during the deliberations and/or voting of this grand jury, any persons, other than grand jurors, Assistant United States Attorneys or stenographers, were present in the grand jury room.

d. The government is requested to disclose whether 16 people were present at the time the instant indictment was voted.

e. The government is requested to disclose whether the instructions concerning the law and with respect to the duties of the grand jurors and any matters before them, were given by the prosecution to the grand jury and, further, if these instructions were duly recorded in the minutes of the grand jury.

f. The government is requested to disclose whether any Assistant United States Attorney, law enforcement officer or agent of the state or other governmental agency or any other persons summarized any testimony, tape recordings, documents or evidence before the grand jury in connection with the indictment herein.

g. The government is requested to disclose whether the grand jurors that returned the instant indictment were instructed, on the record, that they were entitled to formulate and pose their own individual questions to any witness who appeared before them.

h. The government is requested to disclose whether any grand jury subpoenas were issued to prospective witnesses who never testified in the grand jury, but instead were interrogated outside the presence of the grand jury.

i. The government is requested to disclose comments, if any regarding the prosecutor's personal opinion regarding the credibility of any grand jury witness.

j. The government is requested to disclose communications if any, between grand jurors and prosecutors, while the grand jury is in session, not reflected on the record.

k. The government is requested to disclose any failure to appraise the grand jury of crimes known to have been committed by a grand jury witness and the fact that the grand jury witness will not be prosecuted for such crimes if that witness cooperates.

l. The government is requested to disclose whether any prosecutor testified before the grand jury.

m. The government is requested to disclose whether the grand jury was presented with an indictment which had already been signed.

n. The government is requested to disclose whether the grand jury voted separately as to each offense charged in the indictment.

o. The government is requested to disclose whether a majority of those jurors who voted the indictment herein heard sufficient evidence to support the indictment.

p. The government is requested to disclose whether all non-cumulative evidence considered by the government to be *Brady* material was presented to the grand jury.

40. It is requested that the government give notice to the defendant of any intention to offer evidence pursuant to Federal Rule of Evidence 404(b) of other "crimes, wrongs or acts" of the defendant, set forth a list of all such crimes, wrongs, or acts specified by date, time, location, and participants the prosecution intends or may seek to introduce against the defendant; and a statement setting forth the prosecutions theory or admissibility as to each such item. If it is the intention of the United States Attorney to impeach the defendant's credibility, should he testify, with evidence offered or testimony elicited pursuant to Federal Rules of Evidence 608 and 609, the United States is requested to disclose all such cross-examination items so that an advance ruling may be sought as to admissibility and potentially overriding prejudicial effect.

41. Provide counsel with a list of the names, aliases, and addresses of each and every un-indicted co-conspirator known to the government.

42. Advise defense counsel of the existence of and its intended use of any statement made by any defendant inculpating any other defendant, the use of which as evidence would raise Burton issues.

43. State whether any witness or prospective witness was hypnotized. If so, describe the circumstances surrounding the hypnosis and provide copies of the video and/or tape recordings used to memorialize the hypnotic procedure.

44. The government is requested to produce all correspondence and memoranda of agencies and organizations that participated in the investigation resulting in the instant indictment, to the extent that such corresponded and memoranda reflect non-privileged factual matter and witness statements. It is understood that such material will be edited/redacted to protect matter privileged from discovery.

Should you have any questions concerning any of these requests, please do not hesitate to contact me for clarification. Pending the receipt of the information requested herein we are reserving the defendants rights to make motions to the Court, including motions to suppress physical evidence, identification testimony, statements of the defendant, etc.

Your courtesy and anticipated cooperation in this matter is appreciated.

Very truly yours,

Stanley E. Baritz

cc: Clerk of the Court