UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO. 07-012 |
| vs ) | I.S.U.S.C. § 371 |
| ) | (Conspiracy to Commit Extortion) |
| QUEEN NWOYE ) | |

## MOTION TO SUPPRESS STATEMENTS AND MEMORANDUM OF LAW

Queen Nwoye, the defendant through undersigned counsel, respectfully moves this Honorable Court, pursuant to the Fifth Amendment to the United States Constitution, to suppress at trial all statements made by the Defendant on various dates as set forth herein. This motion is made pursuant to Fed. R. Crim. P. 12 (b)(3), and is supported by the discussion below.

## FACTUAL BACKGROUND

Defendant is charged in a one count indictment with conspiracy to commit extortion in violation of 18 U.S.C.§ 371. The charges evolve from incidents which occurred over a period of time between January and March, 2006. On or about January 20, 2007 the Defendant was arrested by members of the Federal Bureau of Investigation, pursuant to an arrest warrant issued at the request of the FBI office. The Defendant was taken into custody and she was removed to the local FBI office where she was asked to sign a standard form waiving her Miranda rights and thereafter she was questioned by agents of the FBI while in custody.

According to discovery provided by the federal government, the Defendant made a number of statements or admissions during the course of her interrogation by the government agents. That although the Defendant had been given an advice of rights form to sign, the Defendant did not

intelligently waive her constitutional rights as set forth, in Miranda vs. Arizona, 384 U.S. 436. The Defendant did not understand or appreciate the nature of the rights which were set forth by the agents.

That as a result of the arrest warrant a search warrant was obtained for the premises of the Defendant which was executed on or about January 20, 2007. That pursuant to said search, agents of the Federal Bureau of Investigation seized a computer belonging to Defendant which computer contained personal information including communications, primarily email communications by Defendant to other persons some of whom are not involved in this case.

That on or about August 23, 2006 and October 13, 2006 the victim in this case, Dr. Iweala, telephoned the Defendant which telephone call originated in the District of Columbia and was a consensual telephone call between the agent and the alleged victim and was without the consent of the Defendant and was an invasion of her privacy. During the course of said telephone conversation, Defendant made statements or admissions which the government intends to introduce into evidence.

**ARGUMENT**

Miranda, supra requires suppression during the Government's case - in- chief of any unwarranted communication by the Defendant in response to custodial interrogation. A person is in custody under Miranda when he "has been... deprived of his freedom of action in any significant way." Miranda, 384 U.S. 444. Whether a person is in custody depends on "how a reasonable man in the suspect's position would have understood his situation." Berkemer vs. McCarty, 468 U.S. 420, 442 (1984) With regard to the statement and actions at issue at the time of her interrogation, the Defendant was clearly in custody for Miranda purposes. The test for custody is whether a reasonable person in the Defendant's position would have believed himself unfree in a significant matter.

After a person has been taken into custody or otherwise deprived of his freedom or action, in any significant way, the right to <u>Miranda</u> warning applies when a Defendant is subject to "interrogation... not only express questioning," but also to "words or actions on the part of police officers that they should have known were likely to elicit an incriminating response from the suspect." <u>Rhode Island vs Innis</u> 446 U.S. 291, 301. (1980)

That the Courts have examined the extent to which the government may seize and search personal computers and computer storage media. <u>United States vs. Hull</u> 459 F. 3d 966. Defendant has a reasonable expectation of privacy to the contents of her private computer and the government search violates Defendant's Fourth Amendment rights.

## **CONCLUSION**

For the reasons set forth above and for other reasons as this Court may determine at a hearing on this motion, Defendant respectfully requests that the Court suppress:

1. All statements made by the Defendant during the period following her arrest when she was detained by the officials of the FBI.

2. All statements made in private email messages between the Defendant and other persons some of whom are not parties in this case.

3. All statements or admissions made during the course of recorded conversations initiated by the FBI and the alleged victim in an attempt to obtain evidence from the Defendant on or about August 23, 2006 and October 13, 2006.

4. All evidence derived from the illegal search and seizure of the aforementioned statements.

        STANLEY E. BARITZ
        DC BAR NO.: 128447
        One Church Street, Suite 910
        Rockville, Maryland  20850
        (301) 340-3003
        Attorney for Defendant

## *CERTIFICATE OF SERVICE*

     I HEREBY CERTIFY that a copy of the foregoing Motion to Suppress Statements was mailed via first class mail, postage prepaid, this _____ day of August, 2007 to, Assistant U.S Attorney, Fred Yette, the United States Attorney Office for the District of Columbia, 555 4th Street, N.W., Washington, D.C.  20530.

        STANLEY E. BARITZ