IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Criminal No.: 07-12 (ESH) |
| : | |
| **v.** : | |
| : | |
| **QUEEN NWOYE,** : | |
| : | |
| **Defendant.** : | |
| : | |

**PROPOSED SUPPLEMENTAL INSTRUCTION**
**CONSPIRACY TO COMMIT EXTORTION**
**18 U.S.C. § 371**

The defendant is charged with conspiracy to commit extortion, in violation of Title 18, United States Code, Section 371. The crime of conspiracy to commit extortion is distinct from the crime of extortion itself. In other words, someone can commit the crime of extortion by herself. A conspiracy to commit extortion is an agreement between two or more individuals to commit the crime of extortion. It is the agreement to commit the illegal act that constitutes the crime of conspiracy.

I will first explain to you the essential elements of the offense of extortion, which is a violation of Title 18, United States Code, Section 875(d). The elements of extortion are the following:

*First*: That the defendant knowingly and intentionally transmitted a communication containing a threat to injure the reputation or property of another person;

*Second*: That the defendant transmitted the communication with intent to extort money from another person; and

*Third*: That the communication was sent in interstate commerce. In other words, the government must prove that the communication passed between two or more states as, for example, a telephone call between New York and New Jersey.

As I stated above, the government must prove that the defendant knowingly and intentionally sent the threatening communication and that it did not occur by accident, mistake or negligence.

A "threat" is a serious statement expressing an intention to injure the reputation or property of another person, which under the circumstances would cause apprehension in a reasonable person, as distinguished from mere idle or careless talk, exaggeration, or something said in a joking manner.

To "extort" means to wrongfully induce someone else to pay money or something of value by threatening to injure their reputation or property if the payment is not made.

Now I will explain the crime of conspiracy. To find the defendant guilty of the crime of conspiracy, you must be convinced that the government has proven each of the following three elements beyond a reasonable doubt:

*First*: The government must prove that between on or about February 1, 2006, and on or about April 10, 2006, an agreement existed between two or more people to commit the crime of extortion.

This does not have to be a formal agreement or plan in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things, does not necessarily show that an agreement exists to commit extortion. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those involved to commit the crime of extortion. So, the first thing that must be shown is the existence of an agreement.

*Second*: The government must prove that the defendant intentionally joined in that agreement.

It is not necessary to find that the defendant agreed to all the details of the crime, or that she knew the identity of the other person the government has claimed was participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy.

But, mere presence at the scene of the agreement or of the crime, or merely being with the other participant, does not show that the defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. So, the second thing that must be shown is that the defendant was part of the conspiracy.

*Third*: The government must prove that one of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy.

This something is referred to as an overt act. The government must show that one of the people involved in the conspiracy did one of the overt acts in order to carry out the conspiracy. The charged overt acts are the following:

*First*: That in or about February 2006, the co-conspirators, who were in Maryland, telephoned Ikemba Iweala, who was in Massachusetts, and informed him that if he did not pay the co-conspirators $20,000, the co-conspirators would inform Ikemba Iweala's wife that he had a relationship with the defendant;

3

*Second*: That on or about February 24, 2006, as a result of threats to harm Ikemba Iweala's reputation, the defendant met Ikemba Iweala at a location in Maryland and was given a cashier's check in the amount of $20,000;

*Third*: That on or about February 25, 2006, the co-conspirator telephoned Ikemba Iweala, who was in Maryland, and demanded another $20,000 payment in order to prevent the disclosure of Ikemba Iweala's affair with the defendant;

*Fourth*: That on or about March 3, 2006, the defendant met Ikemba Iweala at Providence Hospital in the District of Columbia and was given $20,000 in cash to prevent the co-conspirators from disclosing Ikemba Iweala's relationship with the defendant;

*Fifth*: That on or about March 10, 2006, the co-conspirators discussed and implemented a scheme to force Ikemba Iweala to pay the co-conspirators more money. The defendant contacted Ikemba Iweala and then met him in the District of Columbia under the pretext that they would engage in sex in a parked car. When Ikemba Iweala and the defendant were in a compromised state, the defendant gave the co-conspirator a pre-arranged signal, and he began taking photographs of Ikemba Iweala as Ikemba Iweala fled the scene;

*Sixth*: That on or about March 10, 2006, the co-conspirator telephoned Ikemba Iweala, who was in Maryland, and demanded that Ikemba Iweala pay another $100,000, in two installments of $50,000, in order to prevent the disclosure of Ikemba Iweala's affair with the defendant;

*Seventh*: That on or about March 14, 2006, as a result of threats to harm Ikemba Iweala's reputation, Ikemba Iweala, who was in the District of Columbia, wire transferred $50,000 into the defendant's Bank of America bank account, and she subsequently wire transferred $48,000 of that money into a Bank of America bank account owned or controlled by the co-conspirator;

*Eighth*: That on or about March 28, 2006, as a result of threats to harm Ikemba Iweala's reputation, Ikemba Iweala, who was in the District of Columbia, wire transferred $50,000 into the defendant's Bank of America bank account, and she subsequently wire transferred $48,000 of that money into a Bank of America bank account owned or controlled by the co-conspirator;

*Ninth*: That on or about March 28, 2006, during a telephone conversation, the co-conspirator demanded that Ikemba Iweala, who was in Maryland, pay another $20,000, which was reduced to $15,000, in order to prevent the disclosure of Ikemba Iweala's affair with the defendant;

*Tenth*: That on or about March 31, 2006, the defendant met Ikemba Iweala at Providence Hospital in the District of Columbia and was given $15,000 in cash to prevent the co-conspirators from disclosing Ikemba Iweala's relationship with the defendant;

*Eleventh*: That on or about March 31, 2006, the co-conspirator telephoned Ikemba Iweala, who was in Maryland, and demanded another $30,000 payment in order to prevent the disclosure of Ikemba Iweala's affair with the defendant; and

*Twelfth*: That on or about April 10, 2006, as a result of threats to harm Ikemba Iweala's reputation, Ikemba Iweala wire transferred $30,000 into a Bank of America bank account owned by the co-conspirator.

The government need not prove that all of these overt acts were taken, but in order to find the defendant guilty, you must all agree on at least one overt act that was done.

A conspiracy can be proven indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. But, it is up to the government to prove that such facts and circumstances existed and lead to that conclusion in this particular case.

In deciding whether an agreement existed, you may consider the acts and statements of all the alleged participants. In deciding whether the defendant became a member of that conspiracy, you may consider only the acts and statements of that particular defendant.

In summary, a conspiracy is a kind of partnership in crime. For the defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt:

*First*: That from on or about February 1, 2006, to on or about April 10, 2006, there was an agreement to commit extortion;

*Second*: That the defendant intentionally joined in that agreement; and

*Third*: That one of the people involved in the conspiracy did one of the overt acts charged.

JEFFREY A. TAYLOR

United States Attorney

By: _____
FREDERICK W. YETTE
Assistant United States Attorney
D.C. Bar No. #385391
Federal Major Crimes Section
555 4th Street, N.W., 4th Floor
Washington, D.C. 20530
(202) 353-1666
Frederick.Yette@usdoj.gov