**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
Criminal Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Vs. | * | Criminal No.: 07-012 (ESH) |
| | * | |
| **QUEEN NWOYE** | * | |
| | * | |
| **Defendant(s).** | * | |
| | * | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DURESS/COERCION

The courts have developed a four-prong test to determine whether a defendant has successfully established a duress defense. The defendant must produce evidence that would allow the fact finder to conclude that (1) he was under unlawful and present threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) he had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and (4) there was a direct casual relationship between the criminal action and the avoidance of the threatened harm. *United States v. Posada-Rios*, 158 F.3d 832 (5th Cir. 1998); *United States v. Crittendon*, 883 F.2d 326, 330 (4th Cir. 1989). The courts have primarily focused on the first and third requirements when considering the applicability of the duress defense. The second and fourth requirements have not been discussed in the case law and will be treated summarily here. As for the second prong which requires that the defendant not recklessly place herself in a situation where she would be forced to engage in criminal conduct, the defendant had an affair with Dr. Iweala and never attempted to extort money from him for three(3) years from 2002-2005 until Mr. Osuagwu threatened and beat defendant into this situation. The defendant did not recklessly place herself in this situation in February 2006. The fourth prong requires a casual relationship between the

criminal action and the avoidance of the criminal harm. The defendant committed this crime to avoid the physical hitting/assault, threats of exposing her affair to the world and Mr. Osuagwu's alleged employment with the FBI.

When applying the four-prong test, courts have focused primarily on the immediacy of the threat under prong one. The *Crittendon* court held that the evidence must support a conclusion that the defendant was under a "present or immediate threat of death or injury." 883 F.2d at 330.

As examples of threats with the requisite immediacy to justify a convicted felon possessing of a firearm, the *Perrin* court pointed to *United States v. Panter*, 688 F.2d 268 (5th Cir. 1982), in which a felon took possession of a deadly weapon only after being stabbed three times with a pocketknife in the abdomen, and *United States v. Paolello*, 951 F.2d 537 (3rd Cir. 1991), in which the defendant wrestled a gun away from an unidentified man outside a bar who had struck his stepson in the face and then had raised the gun in the air. *Perrin*, 45 F.3d at 874. These examples discuss duress as a defense for convicted felons charged with possessing firearms.

The Ninth Circuit has defined the immediacy of a threat in a context much closer to the instant case. In *United States v. Contento-Pachon*, 723 F.2d 691, 694 99th Cir. 1984), the defendant smuggled drugs into the United States after a drug dealer threatened to kill his wife and child. The Ninth Circuit held that the threat was immediate because the defendant was dealing with a man who was deeply involved in exporting illegal substances, there was a large amount of money at stake, and the man had gone to the trouble of finding out the names of the defendant's family members and the location of their residence. *Id*. Consequently, the court held that the defendant had reason to believe that the drug dealer would carry out his threats.

In the present case, the defendant says Mr. Osuagwu started physically hitting/assaulting her in December 2005; about February 21, 2006; about March 10, 2006; about March 31, 2006; about April 1, 2006, in addition to the threats to exposing her extra-marital affair with Dr. Iweala to the world and the reprisals that will follow in Nigeria and could have carried out the threat at a moments notice, the threat was immediate.

Additionally, defendant had no reasonable alternative to violating the law, because there was no chance both to refuse to do the criminal act and also to avoid the threatened harm. Because anytime defendant refused to do Mr. Osuagwu's bidding to get money from Dr. Iweala, she was hit/assaulted, as well as threatened that he will expose her extra-marital affair with Dr. Iweala and reprisals from Nigeria. To establish the absence of a legal alternative, a defendant must show that he had actually tried the alternative or had no time to try it or that a history of futile attempts revealed the illusionary benefit of the alternative. *United States v. Harper*, 802 F.2d at 118 (5th Cir. 1986) (quoting *United States v. Gant*, 691 F.2d at 1164) (5th Cir. 1982).

Finally, as the court in *Posada-Rios*, 158 F.3d at 873 reasoned, if the facts adduced from defendant's witnesses are not enough to satisfy a duress instruction which is an affirmative defense, it does not foreclose defendant from arguing that the Government had not proved her intent beyond a reasonable doubt.

                                              Respectfully Submitted,

THE IWEANOGES FIRM, P.C.            Queen Nwoye
                                                      Defendant by Counsel

By:    /s/JohnOIweanogeII/s/
      John O. Iweanoge, II
      Iweanoge Law Center
      1026 Monroe Street, NE
      Washington, DC 20017
      Phone:  (202) 347-7026
      Fax:    (202) 347-7108
      Email:  joi@iweanogesfirm.com