UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | Criminal No.: 07-012 (ESH) |
| | * | Judge: Ellen S. Huvelle |
| QUEEN NWOYE | * | Sentencing: 1/18/08 |
| | * | |
| Defendant. | * | |

************************************

**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND/OR NEW TRIAL WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

**COMES NOW,** the Defendant, Queen Nwoye, by and through John O. Iweanoge, II and THE IWEANOGES FIRM, P.C., her attorneys, and pursuant to Federal Rules of Criminal Procedure Rules 29(c) and 33 respectfully requests this Honorable Court to enter judgment of acquittal for the Defendant and/or grant a new trial with respect to the guilty verdict.

**LEGAL STANDARD**

A trial judge confronted with a Fed. R. Crim. Proc. Rule 29 for Judgment of Acquittal considers all of the evidence in light most favorable to the government and grants the motion when it appears to the court that the evidence is insufficient to sustain a conviction. In this case, the evidence does not support defendant's guilty verdict.

Additionally, pursuant to Fed. R. Crim. P. Rule 33, a trial court may grant a new trial to defendant if required in the interest of justice. Motions for a new trial may be based either on the ground that the verdict was against the weight of the evidence or that some error occurred at trial which substantially affected the rights of the accused. *United States v. Simms*, 508 F. Supp. 1188, 1202 (W.D. La. 1980). The decision to grant or deny a new trial based on allegations that the verdict was against the weight of the evidences is within the sound discretion of the trial court. *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985).

Also, the court is allowed to weigh the evidence and consider the credibility of witnesses in assessing a defendant's motion for a new trial based on the weight of the evidence. *United States v. Kuznair*, 881 F.2d 466, 470-471 (7th Cir. 1989). In cases where a new trial motion is premised on allegations of error committed during the course of trial, the convicted defendant has the burden of showing that error was in fact committed and also that the error was prejudicial to it. *Simms*, 508 F. Supp. at 1203.

A. **THE GOVERNMENT DID NOT PROVE THAT DEFENDANT KNEW OF OR VOLUNTARILY PARTICIPATED IN THE CRIMINAL CONSPIRACY CHARGED IN COUNT 1, VIOLATION OF 18 U.S.C. § 875(d)**

To prove a conspiracy, the Government must show an agreement to do something illegal, willing participation by the defendant, and an overt act in furtherance of the agreement. *United States v. Meredith*, 824 F.2d 1418, 1428 (4th Cir. 1987), *cert. denied*, 484 U.S. 969, 108 S. Ct. 465, 98 L.Ed.2d 404 and 485 U.S. 991, 108 S. Ct. 1297, 99 L.Ed.2d 507 (1988). Knowledge and participation may be shown by circumstantial evidence. *Id*. Once a conspiracy has been established, it is only necessary to show a "slight connection between the defendant and the conspiracy to support conviction." *United States v. Brooks*, 957 F.2d 1138, 1147 (4th Cir.), *cert. denied*, 505 U.S. 1228, 112 S. Ct. 3051, 120 L.Ed.2d 917 (1992).

The evidence presented by the Government did not prove beyond a reasonable doubt the elements of the charge. A conviction for conspiracy to commit extortion in violation of 18 U.S.C. § 875(d) requires proof that the defendant knew of, or voluntarily participated in such criminal conspiracy. *United States v. Loya*, 807 F.2d 1483 (9th Cir. 1987). In the case *sub judice*, there was no evidence adduced at trial to suggest that Defendant knew or intended to extort money from anyone by calling and/or demanding money from anyone during the period alleged by the Government. The only evidence presented by the Government during its case in chief was

that Defendant was in the presence and/or associated with Adrian Osuagwu, a/k/a Ufondu during his calls to Ikemba Iweala and that defendant picked up money and/or money was wired into her account that still made its way to alleged co-conspirator Adrian Osuagwu.

Additionally, to sustain a conviction for conspiracy requires proof of agreement among conspirators to commit the offense charged. Here there was no evidence presented by the Government to suggest that Defendant Nwoye and co-defendant Adrian Osuagwu entered into an agreement to unlawfully extort money from Ikemba Iweala. The only evidence presented by Government which does not establish any agreement between the conspirators, was that Defendant Nwoye told him about her affair with Ikemba Iweala; she was in the presence of Adrian Osuagwu when he made some calls to Ikemba Iweala; picked up money for Adrian Osuagwu. There was no evidence offered by the Government to prove that at anytime that Defendant Nwoye agreed either verbally or orally with Adrian Osuagwu to extort money from Ikemba Iweala. These three isolated incidents without more is insufficient for the Government to meet its burden of proving that there was an agreement between Defendant Nwoye and Adrian Osuagwu to extort money from Ikemba Iweala as alleged in the indictment.

The law is well settled that merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of a conspiracy. *See Blumental v. United States*, 332 U.S. 539 (1947); *see also Hicks v. United States*, 150 U.S.S. 442 (1893); *United States v. Perry*, 624 F.2d 29 (5th Cir. 1980). Moreover, proof of conscious understanding and deliberate agreement by the alleged members of the conspiracy should be the central consideration in the charge of conspiracy. *See* O'Malley, Grenig and Lee, *Federal Jury Practice and Instruction*, Section 31.04, 31.05 (5th ed. 2000).

Suffice it to say that such proof was not presented by the government at trial in the case against defendant, Ms. Queen Nwoye.

Accordingly, the evidence presented by the Government was insufficient to convict Defendant Nwoye of conspiring to extort money in Count 1 in violation of 18 U.S.C. § 875(d). As such, the conviction should be vacated and a judgment of acquittal entered.

### B.    THE COURT ERRED IN FAILING TO INSTRUCT THE JURY ON THE DURESS/COERCION INSTRUCTION WHICH WAS THE DEFENDANT'S THEORY OF THE CASE

The Sixth Amendment right to trial by jury includes a right to have the jury make every factual findings essential to a conviction. *Sullivan v. Louisiana*, 508 U.S. 257 (1993). The general principle is well established that a defendant is entitled to have a jury instruction on any defense which provides a legal defense to the charge and which has some foundation in evidence, even though the evidence may be weak, insufficient, inconsistent, or doubtful credibility. *United States v. Sielaff*, 615 F.2d 402, 403 (7th Cir. 1979), *cert. denied*, 446 U.S. 940 (1980); *United States v. Winn*, 577 F.2d 85, 90 (9th Cir. 1978). It is also well settled in this and other Circuits that "upon proper request, a defendant is entitled to an instruction submitted to the jury on any theory of defense for which there is evidentiary foundation." *United States v. Dornhofer*, 859 F.2d 1195, 1199 (4th Cir. 1988), *cert. denied*, 490 U.S. 1005 (1989).

"A defendant is entitled to jury instructions on any theory of defense finding support in the evidence and the law. Failure to instruct is reversible error. *United States v. Scafe*, 822 F.2d 928 (10th Cir. 1987); see also, 2A CHARLES ALAN WRIGHT FEDERAL PRACTICE AND PROSEDURE § 482, AT 346-18 (3D ED. 2000) ( "A party is entitled to a specific instruction on his theory of the case if there is evidence to support it and a proper request for such an instruction is made"); *United States v. Lofton*, 776 F.2d 918 (10th Cir. 1985) (vacating a

conviction for failure of the jury instructions to adequately apprise the jury of the defendant's theory of defense, the trial court should refer to that theory and to the testimony bearing on it and submit the issue with an instruction on the applicable law. The jury should be advised of the defendant's position so as to put the issues raised by the theory of the defense squarely before it.") *United States v. Lewis*, 592 F.2d 1282 (5th Cir. 1979) (vacating a conviction for failure of the jury instructions to adequately apprise the jury of the defendant's theory of defense. In considering whether the instructions should have been given, allowing the jury to consider the defense thus raised, we must accept the testimony most favorably to the defendant).

Duress is an affirmative defense and presents a question of law as to whether the proffered evidence makes out the offense. *See United States v. Sarno*, 24 F.3d 618, 621 (4th Cir. 1994). In order to establish a claim of duress, the defendant must show that: (1) she acted under an immediate threat of serious bodily injury; (2) she had a well-grounded belief that the threat would be carried out; and (3) she had no reasonable opportunity to avoid violating the law and the threatened harm. *See United States v. King*, 879 F.2d 137, 138-39 (4th Cir. 1989). A defendant has the burden of establishing sufficient evidence of the defense to warrant its submission of the claim to the jury. *See Id*. In this case, the Court allowed testimony of coercion and duress during Defendant Nwoye's testimony based on the proffer by Defendant's counsel. The preclusion of the instruction after Defendant Nwoye's testimony was prejudicial to Defendant because of the important element of willful participation in the alleged conspiracy.

The Ninth Circuit has defined the immediacy of a threat in a context much closer to the instant case. In *United States v. Contento-Pachon*, 723 F.2d 691, 694 (9th Cir. 1984), the defendant smuggled drugs into the United States after a drug dealer threatened to kill his wife and child. The Ninth Circuit held that the threat was immediate because the defendant was

dealing with a man who was deeply involved in exporting illegal substances, there was a large amount of money at stake, and the man had gone to the trouble of finding out the names of the defendant's family members and the location of their residence. *Id*. Consequently, the court held that the defendant had reason to believe that the drug dealer would carry out his threats.

Modern Federal Jury instruction states that for duress to be a valid legal defense it has to induce an honest fear, then and there, of immediate and impending danger of serious bodily harm, either to herself or others. In addition, there must have been no reasonable opportunity at the time to escape the compulsion or the duress, without committing or participating in the crime. 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 19.02 (5th ed. 2000); *United States v. Mcmanus*, 67 F.3d 1309 (4th Cir. 1996).

Defendant Nwoye testified in her own defense that she was compelled to call Ikemba Iweala; pick-up money from him for Adrian Osuagwu; tried to tip Ikemba Iweala of Adrian Osuagwu's extortion and when it was safe, reported it to EFCC, a Law Enforcement Agency. Had the Court given Defendant Nwoye's requested instruction based on those facts supporting her coercion and duress defense, Defendant would not have been found guilty.

C. **THE PROSECUTOR'S STATEMENT DURING CLOSING ARGUMENT AND REBUTTAL WAS HIGHLY PREJUDICIAL**

The prosecutor referenced in closing argument to the e-mail defendant sent to the EFCC that Ikemba Iweala gave S/A Ronacher at their 8/16/06 meeting and asked if the defense presented the e-mail thereby suggesting that defendant had a burden to provide the e-mail as well as that there was missing evidence even though no such evidence was presented at trial. Prosecutor's argument is prejudicial and influenced the jury in finding the defendant guilty. *See Menzies v. Procunier*, 743 F.2d 281, 289 (5th Cir. 1984) (petitioner was denied a fair trial because of combined effect of testimony concerning alleged threats to witnesses by petitioner

and prosecutor's closing argument referring to such threats). This argument was prejudicial and appealed to the jury's passion and had a devastating prejudicial impact. *See Bowler v. United States*, 480 A.2d 678, 686 (D.C. 1984).

In addition, the prosecutor's repeated statements to the jury during closing argument that defendant did not report the crime to Law Enforcement but to her uncle Mr. Ifezulike and Ikemba Iweala reported it to Law Enforcement was inappropriate because it was a misstatement of the evidence and was intended to inflame the jury's passions that defendant committed the crime. In *Carpenter v. United States*, 635 A.2d 1289 (D.C. 1993), the Court reversed defendant's conviction because of prosecutor's comment in closing argument. The Court held that "prosecutor's closing argument which implied that defendant's were responsible for assault was misconduct not cured by judge's instruction." Similarly in the instant case, the prosecutor's statement despite objection by defense counsel was misconduct and thus prejudiced the defendant. *See Lewis v. United States*, 541 A.2d 145, 148-49 (D.C. 1988) (prosecutor arguing facts not in evidence constitutes serious misconduct); see also *Bowler*, 480 A.2d at 686 (prosecutor's comments in closing argument concerning gory and graphic details of death scene, personal opinion of credibility of witnesses, and witnesses' conduct and testimony not based on evidence introduced at trial constituted plain error).

Finally, because the prosecutor made his improper comments in rebuttal closing argument, defense counsel did not have any opportunity to respond to those remarks. *See Powell v. United States*, 455 A.2d 405, 410 (D.C. 1982) *reh'g denied* 458 A.2d (1983) (prejudicial effect of misconduct compounded by timing of remarks in rebuttal argument). The thrust of the prosecutor's misstatements and improper comments was directed towards defendant Nwoye. *See Mathis v. United States*, 513 A.2d 1344, 1349 (D.C. 1986).

Accordingly, in light of the cumulative effect of several of these impermissible comments and the relative weakness of the government's case, the defendant has demonstrated prejudice and is entitled to a new trial.

## CONCLUSION

Wherefore, defendant, through counsel respectfully requests that this Honorable Court grant her motion for Judgment of Acquittal and/or New Trial in the interest of Justice.

                                                        Respectfully Submitted,

THE IWEANOGES FIRM, P.C.             Queen Nwoye
                                            Defendant by Counsel

By: _/s/JohnIweanoge/s/_
     John O. Iweanoge, II
     Iweanoge Law Center
     1026 Monroe Street, NE
     Washington, DC 20017
     Phone: (202) 347-7026
     Fax:   (202) 347-7108
     Email: joi@iweanogesfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this motion for Judgment of Acquittal and/or New Trial was served on Frederick Yates, AUSA and Angela Hart-Edwards, AUSA by email and regular mail on November 9, 2007.

Defendant filed this motion in the after hours box on November 9, 2007 after receiving several error messages while attempting to file it through the Court's ECF system.

                                                  _/s/JohnIweanoge/s/_
                                                  John O. Iweanoge, II