**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Criminal No.: 07-012(ESH)** |
| | ) | **Sentencing Date: June 9, 2008** |
| **QUEEN NWOYE** | ) | **Judge: Ellen Segal Huvelle** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**POSITION OF THE DEFENDANT WITH RESPECT
TO SENTENCING FACTORS**

**COMES NOW**, the defendant, Queen Nwoye, by and through John O. Iweanoge, II, and THE IWEANOGES FIRM, P.C., her attorneys and submits this position of the defendant with Respect to Sentencing Factors, pursuant to this courts policy regarding procedures to be followed in Guidelines Sentencing, and in accordance with section 6A1.2 of the United States Guidelines.

**DEFENDANT'S OBJECTIONS TO "PSR"**

A.    *Illegal Alienage*

A departure may be warranted if the defendant is a deportable alien. According to *United States vs. Renford George Smith*, 27 F. 3d 649 (D.C. Circuit 1994); *United States vs. Gideon Cassells*. 66 F.3d 377 (4th Cir. W.Va. 1995), a departure from the federal sentencing guideline may be warranted for a deportable alien since a period of incarceration is harsher for illegal aliens as they are not entitled to privileges available to United States citizens, pursuant to the Bureau of Prison Guidelines.

The Federal Sentencing Guideline Manual Ch. 1, Pt. A. § 2 states that 'If…a particular case presents a typical features, the Act allows the court to depart from the guidelines and sentence outside the prescribed range."

In *Smith* 27 F. 3d at 655 the court held that "a downward departure may be appropriate where the defendant as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence."

Ms. Nwoye's status as a "deportable alien renders him ineligible for benefits of 18 U.S.C. § 3624(c), which directs the bureau of prisons, to the extent practicable, to assure that prisoners spend part of the last 10% of their sentences under conditions (possibly including home confinement) that will afford the prisoner a reasonable opportunity to adjust and prepare for reentry into the community. '*Id at 654*. The Bureau of Prisons regulations bar Ms. Nwoye (non-United States citizen) from assignment to a community corrections center except in what appear to be rare circumstances. See Federal Bureau of Prisons, Program Statement 5100.04: Security Designation and Custody Classification Manual, Ch. 2-9(June 15, 1992).*Id at 651*.

The Bureau of Prison policy will prevent Ms. Nwoye from being assigned to serve any part of her sentence in a minimum-security prison, unlike a United States citizen. Ms. Nwoye "a deportable alien will be assigned to a more drastic prison than otherwise solely because his escape would have the extra consequence of defeating his deportation." *Id at 655*. Therefore, Ms. Nwoye's status as a deportable alien would have clearly generated increased severity and thus a proper subject of a departure." *Id*. The court in *Cassells* 66 F. 3d 317, also indicated that the district court has discretion to depart from the Federal Sentencing guidelines based on the above mentioned reasons. *See also* 18 U.S.C. § 3553(f).

**B.      Coercion/duress**

Defendant Ms. Nwoye submits that she is deserving of a downward departure in her offense level based on duress/coercion pursuant to USSG § 5K2.12. USSG § 5K2.12 sets the parameters for consideration of a downward departure of sentence based on coercion or duress.

The guideline recognizes that coercion or duress may be present in a way that does not constitute a "complete defense" but that nonetheless merits consideration at sentencing:

> The extent of the decrease ordinarily should depend on the reasonableness of the defendant's actions and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be.

Ordinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency. USSG. § 5K2.12. The court may "decrease the sentence below the applicable guideline range" under this standard. Id.

In *U.S. v. Cheape*, 889 F.2d 477 (3d Cir. 1989), the Third Circuit clarified the meaning of USSG. § 5K2.12 holding that the Commission intended to allow downward departures in some cases where evidence of coercion "does not amount to a complete defense." 889 F.2d at 480. In other words, in USSG. § 5K2.12 the Commission has provided a "broader standard of coercion as a sentencing factor than coercion as required to prove a complete defense at trial." Id. The Third Circuit concluded that a successful invocation of USSG § 5K2.12 does not require that all of the elements necessary to assert coercion as a criminal defense be met. Instead, USSG § 5K2.12 does "not require proof of immediacy or inability to escape; nor does it limit the feared injury to bodily injury." Id. In other words, USSG § 5K2.12 creates an "incomplete" or "imperfect" defense of duress/coercion that is relevant only for sentencing purposes, not for underlying determinations of criminal liability. Numerous other federal courts -- although not in the third Circuit--have adopted the analysis first offered in *Cheape*. See, e.g., *U.S. v. Isom*, 992 F.2d 91, 94 (6th Cir. 1993); *U.S. v. Smith*, 987 F.2d 888, 891 (2d Cir. 1993); *U.S v. Amparo*, 961 F. 2d 288, 292 (1st Cir. 1992), cert. denied, 506 U.S. 878 (1992); *U.S. v. Johnson*, 956 F.2d 894, 898 (9th Cir. 1992); *U.S. v. Gaviria*, 804 F.Supp. 476, 479 (E.D. N.Y. 1992); *U.S. v. Nelson*, 740 F.Supp. 1502, 1516 (D. Kan. 1990).

Further, the fact that the defendant acted "voluntarily" does not deprive her of § 5K2.12's incomplete defense of duress at sentencing: "A fortiori, the incomplete defense of duress supposes a voluntary crime, carried out by a person whose personal characteristics and personal perception of the circumstances of the situation made him susceptible to the threat of force. " Id. at 901.

In sum, the district court should grant a § 5K2.12 downward departure to Ms. Nwoye because she did not voluntarily join the conspiracy and the incomplete duress may mitigate the defendant's punishment where her continued participation in the criminal enterprise or level of involvement was coercively imposed. *U.S. v. Johnson*, 956 F.2d 894 (9th Cir. 1992).

## C.    Minimal Participation

Defendant Ms. Nwoye submits that she is deserving of a downward departure in her offense level based upon minimal participation pursuant to USSG §3B1.2. Specifically, she submits that the probation officer should characterize her as a "minimal participant" under that section of the guidelines, which will entitle her to a four-level decrease pursuant to USSG § 3B1.2(a). The sentencing guidelines provide for adjustments to a defendant's offense level for the role played in committing the offense of conviction, based upon an examination of all relevant conduct. USSG Ch. 3 Pt. B. The mitigating role provision allows for a four or two-point decrease, respectively, in offense level if a defendant is found by the district court to be a "minimal" or "minor" participant in the criminal offense. USSG § 3B1.2(a) & (b).

As the Sentencing Commission explained in its application notes to this section of the guidelines, subsection (a) applies "to a defendant who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." USSG § 3B1.2, comment. (n.1). The "minimal participant" reduction

4

was intended for "infrequent" use, as in the case of a defendant Ms. Nwoye who "only associated with more culpable co-defendant.

This Circuit has upheld a district court's decision to classify a defendant as a "minor participant" pursuant to USSG § 3B1.2(b) (rather than a "minimal participant" pursuant to § 3B1.2(a)) based upon its conclusion at sentencing that the defendant's "full 'understanding of the scope and nature of the enterprise' precluded a designation of minimal participant status." *United States v. Davis*, 878 F.2d 1299, 1300 (11th Cir.), *cert. denied,* 493 U.S. 941 (1989). Therefore, the court should designate defendant Ms. Nwoye as a "minimal participant" because it is amply supported by the record, and is clearly erroneous not to do so. *Id.;* see *Davis,* 878 F.2d at 1300.

Additionally, as the "PSR" writer states in Paragraph 83 of the PSR, if the Court concludes departures under Chapter 5 are not warranted or not applicable, the Court may then consider whether the following factors suggest a variance from the guidelines is warranted.

The Court is required to impose a sentence that is sufficient but not greater than necessary to comply with 18 USC § 3553(a) which outlines the factors to be considered when imposing a sentence. These purposes include the necessity for the sentence: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The Court shall also consider the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

## ARGUMENT

The United States Supreme Court has stated that a criminal sentence can have a variety of justifications, such as incapacitates, deterrence, retribution, or rehabilitation. See *Ewing v. California*, 538 U.S. 11, 123 S. Ct. 1179, 155 L.Ed.2d 108 (U.S. 03/2003; quoting from 1 W. Lafave & A. Scott, Substantive Criminal Law §1.5, pp. 30-36(1986)(explaining theories of punishment).

### Determining a Sentence After Booker

As a result of the Supreme Court's ruling in *United States v. Booker*, 125 S.Ct. 738(2005), the sentencing guidelines are now "efficiently advisory" in all cases. Id at 757. The result is that a district court must now "consider Guidelines ranges, "but may "tailor the sentencing in light of other statutory concerns as well." Id.

Sections 3553(a)has been described in *Booker* and much *Post-Booker* case law as containing various "factors"-one of which is the Sentencing Guidelines and the guidelines range calculated pursuant to them-that must now be considered in determining a sentence. This is a potentially misleading over simplification. Section 3553(a) is actually comprised of two distinct parts: the so-called "sentencing mandate" contained in the prefatory clause of Section 3553(a), and the "factors" to be considered fulfilling that mandate. The sentencing mandate is an overriding principle that limits the sentence a court may impose.

### a.    The Section 3553(a)Sentencing Mandate: The "Parsimony Provision"

The basic mandate and overriding principle of Section 3553(a) requires a district court to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553.

    a.  retribution ("to reflect seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense");

    b.   deterrence ("to afford adequate deterrence to criminal conduct");

    c.   incapacitation ("to protect the public from further crimes of the defendant"); and

    d.   rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

18 U.S.C. §3553(a)(2).

      The sufficient-but-not-greater-than-necessary requirement has been described as the "parsimony provision." See, e.g. , *United States v. Brown*, F. Supp. 2d , 2005 WL 318701, at *6 (M.D. Pa. Feb. 10, 2005); see also *Bifulco v. United States*, 447 U.S. 381, 387 (1980) (explaining that statutory construction "rule of lenity" applies to sentencing statutes as well as to substantive criminal offense statutes). Critically, the parsimony is not just another "factor" to be considered along with the others set forth in Section 3553(a). Rather, it sets an independent upper limit on the sentence a court may impose.

    **b.**      **The Section 3553(a) Factors to be considered in complying with the sentencing Mandate**

      In determining what sentence is sufficient but not greater than necessary to comply with the Section 3553(a)(2) purpose of sentencing, the court must consider several factors listed in Section 3353(a). These are (1)"the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the kinds of sentence available; (3)the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide resolution where applicable. 18 U.S.C. §3553(a)(1), (a)(3)-(7). Neither the statute itself nor *Booker* suggests that any one of these factors is to be given greater weight that any other factor. However, what is clear that all of these factors are subservient to Section 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

**Application of the Section 3553(a)Principles and Factors of This Case**

Ms. Nwoye was convicted of the single count of conspiracy to commit extortion in violation of 18 U.S.C. § 371. The probation officer prepared a Presentence Report ("PSR"). The officer first set the base level at 9 pursuant to U.S.S.G. § 2X1.1 (a) and 10 levels were added for specific offense characteristics based on loss amount of $185,000 pursuant to U.S.S.G. § 2B1.1 (b) (1) (F) and the final total offense level is 19. That total offense level when coupled with Ms. Nwoye's criminal history category of 1 results in advisory guideline imprisonment range of 30-37 months.

### A.    The Nature and Circumstances of the Offense

One of the factors the Court is directed to consider under Section 3553 is the nature and circumstances of the offense. Here, the nature and circumstances of Ms. Nwoye's role in the offense, and prior contact with the Criminal Justice System, makes a lower than the low end guideline sentence of 30 months reasonable in this case.

### B.    The Circumstances and History of the Defendant

Section 3553 also directs the Court to consider the circumstances and history of the Defendant when determining what sentence is appropriate. Ms. Nwoye who is in the United States on a resident alien status is a deportable alien because of this felony conviction.

While Ms. Nwoye is married with two (2) children, she has maintained stable employment over a long period of time, good relationship with her family, however, while separated from the husband met the co-defendant who took advantage of her and Dr. Iweala by threats to expose her relationship with him that may or may not have affected his wife who was a minister in Nigeria and put Ms. Nwoye under duress that if she does not go along with his plan, was going to let her husband know which may or may not result in her losing custody of her children. Additionally, Ms. Nwoye voluntarily disclosed this offense to the Economic and

Financial Crimes Commission (EFCC) before she was arrested. See U.S.S.G. § 5 K2.16. This history of redeemable qualities and duress should be considered when determining what sentence is reasonable under Section 3553.

    **C.**    **The Need to Avoid Unwarranted Sentencing Disparities**

The need to avoid unwarranted sentencing disparities is another consideration under Section 3553. Imposition of a sentence inside the guideline range would in this instance increase sentence disparities among defendants with similar records found guilty of similar conduct, rather than avoid such disparity, as called for by USSG. Ms. Nwoye who is a permanent resident but not a citizen of the United States, and is subject to removal/deportation from the United States because of this conviction and as such will be incarcerated longer if sentenced within the Guidelines while she awaits deportation to her home country, Nigeria.

A departure may be warranted if the defendant is a deportable alien. According to *United States vs. Renford George Smith*, 27 F. 3d 649 (D.C. Circuit 1994); *United States vs. Gideon Cassells*. 66 F.3d 377 (4th Cir. W.Va. 1995), a departure from the federal sentencing guideline may be warranted for a deportable alien since a period of incarceration is harsher for illegal aliens as they are not entitled to privileges available to United States citizens, pursuant to the Bureau of Prison Guidelines.

The Federal Sentencing Guideline Manual Ch. 1, Pt. A. § 2 states that 'If…a particular case presents a typical features, the Act allows the court to depart from the guidelines and sentence outside the prescribed range."

In *Smith* 27 F. 3d at 655 the court held that "a downward departure may be appropriate where the defendant as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence."

Ms. Nwoye's status as a "deportable alien renders him ineligible for benefits of 18 U.S.C. § 3624(c), which directs the bureau of prisons, to the extent practicable, to assure that prisoners spend part of the last 10% of their sentences under conditions (possibly including home confinement) that will afford the prisoner a reasonable opportunity to adjust and prepare for reentry into the community. '*Id at 654.* The Bureau of Prisons regulations bar Ms. Nwoye (non-United States citizen) from assignment to a community corrections center except in what appear to be rare circumstances. See Federal Bureau of Prisons, Program Statement 5100.04: Security Designation and Custody Classification Manual, Ch. 2-9(June 15, 1992).*Id at 651*.

The Bureau of Prison policy will prevent Ms. Nwoye from being assigned to serve any part of her sentence in a minimum-security prison, unlike a United States citizen. Ms. Nwoye "a deportable alien will be assigned to a more drastic prison than otherwise solely because his escape would have the extra consequence of defeating his deportation." *Id at 655*. Therefore, Ms. Nwoye's status as a deportable alien would have clearly generated increased severity and thus a proper subject of a departure." *Id*. The court in *Cassells* 66 F. 3d 317, also indicated that the district court has discretion to depart from the Federal Sentencing guidelines based on the above mentioned reasons. *See also* 18 U.S.C. § 3553(f).

> **D.    The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law and to Provide Just Punishment for the Offense, to Afford Adequate Deterrence, to Protect the Public from Future Crimes and to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment**

Some of the very statutory factors which are the ultimate guide to sentencing decisions post-*Booker* clearly argue in favor of less prison time, not more. With a defendant ultimately suffering from bad association while in the middle of marital separation, for example, there is facially less need for the sentence imposed to protect the public from further crimes of the defendant, but to provide the defendant with needed educational or vocational or correctional

training and/or treatment and means to continue putting her marriage back together for her benefit of the couples two (2) minor children.

Nor can it promote respect for the law to give Ms. Nwoye a prison sentence that can quite credibly be viewed as greater than the sentence she likely would have received if there were no guideline as to her actual role in this offense. In light of the sentencing disparity outlined above, and the other factors outlined by section 3553 including the nature and circumstances of the offense/role and the character of Ms. Nwoye, the circumstances of this case, Ms. Nwoye respectfully requests that the Court sentence her lower than the low end of the Guidelines.

A sentence lower than the low end of the Guideline reflects the seriousness of Ms. Nwoye's role and actions on the dates of this incident, while at the same time accounting for the circumstances surrounding this offense and her individual circumstances. A lower than the low end of the Guideline sentence operates to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence to protect the public and to provide Ms. Nwoye with needed educational or other correctional treatment and decrease the chances that she would return to Court, albeit there is a zero to low risk of recidivism in light of her minor role in this offense and no prior contact with the Criminal Justice System.

Ms. Nwoye has already been incarcerated without bond since November 2, 2007. In terms of rehabilitation, Ms. Nwoye who has been separated from her family has learnt her lesson from the Jury's verdict. There is already a strong deterrence value in the fact that Ms. Nwoye has already served more than six (6) months of any sentence imposed.

 In terms of retribution, regarding this criminal act, it is safe to say that with the proper placement in a counseling program, she will resume to being a productive citizen no matter where she ends up.

Finally, the ends of justice will be served if Ms. Nwoye is sentenced lower than the low end of the guideline of 30 months.

## RESTITUTION

Defendant objects to the restitution amount of $185,000.00, since the proof at trial from bank records reveals that the co-defendant was the recipient of most, if not all the money received from Dr. Iweala.

## FINE

The defense will agree with a finding that Ms. Nwoye does not have adequate resources to pay any fine or the cost of incarceration or supervision, upon release in light of her removal/deportation as a deportable alien based on this conviction.

**WHEREFORE** for the above stated reasons and for such reasons that will be stated at the sentencing hearing, the Defendant, Ms. Nwoye, by and through counsel, respectfully requests that this Court sentence her to a reasonable sentence lower than the low end of the guideline of 30 months with credit for time served.

Respectfully submitted,

Queen Nwoye
Defendant by Counsel

THE IWEANOGES FIRM, P.C.

By:   /s/JohnOIweanoge/s/
     John O. Iweanoge, II (DCB#: 439913)
     IWEANOGE LAW CENTER
     1026 Monroe Street, NE
     Washington, D.C. 20017
     Phone:  (202) 347-7026
     Fax:     (202) 347-7108
     Email:  joi@iweanogesfirm.com
     Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____4th_____ day of _____June_____, 2008, I

caused to be served a copy of the foregoing documents:

## POSITION OF THE DEFENDANT WITH RESPECT
## TO SENTENCING FACTORS

____ by placing a true copy thereof in a sealed envelope, with postage prepaid, and causing same
to be mailed by first class mail to the person at the address below;

____ by causing to be personally delivered a true copy thereof to the person at the address set
forth below;

____ by Federal Express /United Postal Service/Express Mail to the person at the address set
forth below;

____ by telefaxing with acknowledgement of receipt to the person at the address set forth below:

__X_ by ECF/Electronic Mail with acknowledgement of receipt to the person at the address set

forth below:


Frederick Yette, AUSA                          Sherry Brandon, USPO
Angela Hart-Edwards, AUSA                       United States Probation Office
United States Attorneys' Office                 for the District of Columbia
for the District of Columbia                    333 Constitution Avenue, NW
555 4th Street, NW                              2nd Floor
Washington, DC 20531                            Washington, DC 20001



Dated: _____ day of _____, 2008.          _____/s/JohnOIweanoge/s/_____
                                                              Of Counsel to Defendant